UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MEGAN MCKENZIE,

        Plaintiff,

v.

DELTA AIR LINES, INC.,

        Defendant.

Court File No. _____

Judge: _____

**NOTICE OF REMOVAL**

---

TO:    THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MINNESOTA

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Delta Air Lines, Inc. ("Defendant") hereby gives notice of removal of the above-captioned action currently pending in the Hennepin County District Court, State of Minnesota, to the United States District Court for the District of Minnesota. In support of its Notice of Removal, Defendant states as follows:

1. On or about April 7, 2025, Plaintiff Megan McKenzie ("Plaintiff") commenced a civil action against Defendant in the Hennepin County District Court in the State of Minnesota, by service pursuant to Minnesota Rule of Civil Procedure 3.01. A true and correct copy of the Summons and Complaint is attached as Exhibit A.

2. Plaintiff claims in Counts I-IV of her Complaint that Defendant violated certain provisions of the Minnesota Human Rights Act (Minn. Stat. §§ 363A.08 and 363A.15), the Minnesota Whistleblower Act (Minn. Stat. § 181.932), and the Workers' Compensation Act (Minn. Stat. § 176.82).

3. ***Diversity Jurisdiction Basis for Removal:*** This case is also a civil action over which the Court has original jurisdiction under 28 U.S.C. § 1332 and is one that Defendant may remove to the Court pursuant to 28 U.S.C. §§ 1441 and 1446, in that Plaintiff in this action is diverse in citizenship from Defendant and the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

4.    ***Citizenship of Parties:***  Plaintiff is the sole identified plaintiff in this action.   Upon information and belief, Plaintiff was a citizen and resident of the State of Wisconsin at the time of the commencement of this action and is now a citizen and resident of the State of Wisconsin. (*See* Exhibit A.)

5.    Defendant is the sole identified defendant in this action.  Pursuant to 28 U.S.C. § 1332(c)(1), Defendant is deemed to be a citizen of the state by which it was formed and the state where its principal place of business is located.

6.    To determine a corporation's principal place of business, courts apply the "nerve center" test, which deems the principal place of business to be the state in which the "corporation's officers direct, control and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). A corporation's principal place of business normally is the state in which it maintains its main headquarters. *Id.* At the time of the filing of the Complaint, and at the time of removal, Defendant is and was a corporation formed under the laws of the State of Delaware, with its principal place of business in the State of Georgia. Therefore, Defendant is considered to have residence in Delaware and Georgia. Plaintiff is, therefore, diverse in citizenship from Defendant so as to vest removal jurisdiction in this Court.

7.    ***Amount in Controversy:***  This is a civil action wherein the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.  When evaluating the amount in controversy for purposes of diversity jurisdiction, the court does not consider only the actual damages, but rather the court must also consider the value of other potential relief, including statutory attorney's fees, punitive damages, and declaratory or injunctive relief. *See Hartis v. Chi. Title Ins. Co.*, 656 F.3d 778, 781– 82 (8th Cir. 2009); *Peterson v. Travelers Indemnity Co.*, 867 F.3d 992, 995 (8th Cir. 2017). Here, Plaintiff alleges that she has compensatory damages including "emotional distress, humiliation, embarrassment, pain and suffering, loss of reputation, loss of

2

wages and benefits, and other serious damages." (Ex. A, ¶¶103, 109, 116, 123.) Plaintiff further claims entitlement to "attorney fees."  (Ex. A, ¶¶104, 110, 117.) Plaintiff also claims entitlement to punitive damages. (Ex. A, ¶124.) While Defendant disputes that Plaintiff's claims have any merit and that she is entitled to any damages, this is the type of case wherein the damages sought are expected to exceed $75,000.00, such that Defendant may remove this action. *See Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002) ("The district court has subject matter jurisdiction in a diversity case when a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000.00").

8.      ***Timing of Removal:***  Fewer than thirty (30) days have elapsed since April 7, 2025, when Plaintiff first served Defendant with the Complaint.  *See* 28 U.S.C. § 1446(b).

9.      Simultaneous with the filing of this Notice of Removal, Defendant has notified the Hennepin County District Court in the State of Minnesota of removal of this action.  No other process, pleadings, or orders have been served or filed in this action.

10.      True and correct copies of the Notice of Removal (with accompanying Exhibit) and the Notice of Filing of Notice of Removal directed to State Court will be served upon Plaintiff's counsel and filed with the Court Administrator of the Hennepin County District Court in the State of Minnesota on this date, in accordance with the provisions of 28 U.S.C. § 1446(d).

WHEREFORE, Defendant respectfully requests that this action, now pending in the District Court for the County of Hennepin, Minnesota, be removed to the United States District Court for the District of Minnesota.

Dated:  April 25, 2025

*/s/ Alice D. Kirkland*

Jacqueline A. Mrachek, Bar No. 0216434
jmrachek@littler.com
Alice D. Kirkland, Bar No. 03963554
akirkland@littler.com
Taylor R. McKenney, Bar No. 0400905
tmckenney@littler.com
LITTLER MENDELSON, P.C.
1300 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402.2136
Telephone:    612.630.1000
Facsimile:    612.630.9626

Attorneys for Defendant

4897-7767-4551 / 105518.1020

4